UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA, ET AL.**          **CASE NO. 3:21-CV-04011**

**VERSUS**                                     **JUDGE TERRY A. DOUGHTY**

**PONTCHARTRAIN PARTNERS, LLC, ET AL.**   **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Before the undersigned is a motion to dismiss for improper venue, filed by Defendant Western Surety Company ("Defendant"). [doc. #13]. Plaintiffs and Counter-Defendants the United States of America *ex rel* Warren Paving, Inc. ("Warren") and Slats Lucas Aggregates, LLC ("Slats Lucas") (together, "Plaintiffs") oppose the instant motion. For the reasons assigned below, it is recommended that Defendant's motion be denied.

### I.   FACTUAL BACKGROUND

This case involves Plaintiffs' attempt to collect payment for materials and delivery services provided by Plaintiffs to Pontchartrain Partners, LLC ("Pontchartrain"), another Defendant in this case. [doc. #1, p. 2-3]. Plaintiffs allege that they provided goods and services for a project (the "Project") Pontchartrain performed for the United States Corps of Engineers. *Id.* Apparently, Plaintiffs delivered the materials to an area on the shoreline of the Mississippi River within the Western District of Louisiana. *Id.*

On November 18, 2021, Plaintiffs filed suit in this Court under the Miller Act, 40 U.S.C. § 3131, *et seq.*, in order to recover its costs associated with the Project. [doc. #1]. In their Complaint, Plaintiffs claim that the Western District of Louisiana is a proper venue because the Court encompasses the area in which the Project is located. *Id.* at 2.

On March 15, 2022, Pontchartrain filed its amended answer and asserted counterclaims against Plaintiffs. [doc. #17].

On April 12, 2022, Plaintiffs filed their opposition to the instant motion. [doc. #23].

Defendant did not file a reply brief. Accordingly, this matter is ripe.

## II.     LEGAL STANDARD

A party may move to dismiss a case that is filed in an improper venue. FED. R. CIV. P. 12(b)(3). After the moving party has challenged venue, the plaintiff has the burden of showing that the chosen venue is proper. *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011) (internal citation omitted). "On a Rule 12(b)(3) motion to dismiss . . ., the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x 612, 615 (5th Cir. 2007) (per curiam) (internal citations omitted). If the court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, it may transfer the case to a district in which the case could have been properly brought. 28 U.S.C. § 1406(a).

In deciding a Rule 12(b)(3) motion to dismiss, "the Court may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by Defendants in support of their motion to dismiss, or by Plaintiff in response to the motion." *Umphress v. Hall*, 479 F.Supp.3d 344, 348 (N.D. Tex. Aug. 14, 2020) (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008) (Dennis, J., dissenting)).

### III. ANALYSIS

In their instant motion, Defendant argues that although the Project is located within the Western District of Louisiana, Plaintiffs worked on the Project pursuant to a purchase order (the "Purchase Order") which contained a forum-selection clause designating the Eastern District of Louisiana as the sole venue for lawsuits arising out of the Project.

In their opposition, Plaintiffs respond that one of the issues in this case is whether the Purchase Order is enforceable. Specifically, Plaintiffs allege that they never signed the Purchase Order, "and the documents attached to the Motion to Dismiss do not indicate that Plaintiffs agreed to . . . the forum selection clause." [doc. #23, p. 2].

The undersigned agrees with Plaintiffs. Although the Purchase Order submitted by Defendant very clearly includes a forum-selection clause designating the Eastern District of Louisiana as the exclusive forum for claims arising out of the Project, there is nothing to indicate that the Purchase Order is binding on Plaintiffs. The Purchase Order is not signed by Plaintiffs, nor does it even include Plaintiffs' names. Rather, the Purchase Order uses only boilerplate designations such as "Purchaser" and "Seller." *See* [doc. #13-2]. While Defendant may ultimately prevail in showing that the Purchase Order and by extension, the forum-selection clause, is binding on Plaintiffs, the evidence currently before the Court is not sufficient to establish this.

Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 26th day of May, 2022.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE