UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| USA ET AL | CIV. ACTION NO. 3:21-04011 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| PONTCHARTRAIN PARTNERS L L C ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

REPORT AND RECOMMENDATION

Pending before the undersigned judge, on reference from the District Court, is a motion to dismiss for improper venue [doc. #48], filed by Defendant Pontchartrain Partners, LLC. The motion is opposed. [doc. #56].

For reasons assigned below, it is recommended that the motion be DENIED.

Background

Plaintiffs Warren Paving, Inc., and Slats Lucas Aggregates, LLC ("Plaintiffs") and relator United States filed the instant action under the Miller Act, 40 U.S.C. § 3131, *et seq.*, on November 18, 2021. Complaint [doc. #1]. The suit arises from Plaintiffs' attempts to collect payment for materials and delivery services provided to Pontchartrain Partners, LLC ("Pontchartrain"). *Id.* at pp. 2-3. Plaintiffs allege that they supplied these goods and services for a project (the "Project") Pontchartrain performed on behalf of the United States Army Corps of Engineers. *Id.* at pp. 2-3. The site of the Project is located within the Western District of Louisiana. *Id.* at p. 2.

Pontchartrain filed its motion on March 15, 2024. Pontchartrain's M/Dismiss [doc. #48]. Plaintiffs filed their opposition on April 5, 2024. Opposition to Pontchartrain's M/Dismiss [doc. #56].

Briefing is complete.  Accordingly, the matter is ripe.

## Analysis

**I.      Legal Standard**

Federal Rule of Civil Procedure 12(b)(3) allows parties to move to dismiss a suit for improper venue.  FED. R. CIV. P. 12(b)(3).  After the moving party has challenged venue, the plaintiff has the burden of showing that the chosen venue is proper.  *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011) (internal citation omitted).  "On a Rule 12(b)(3) motion to dismiss . . . , the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."  *Braspetro Oil Servs. Co. v. Modec, Inc.*, 240 Fed. App'x 612, 615 (5th Cir. 2007) (per curiam) (internal citations omitted).  If the court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, it may transfer the case to a district in which the case could have been properly brought.  28 U.S.C. § 1406(a).  However, if the court finds that venue is proper, the motion should be denied.  *Reeves v. Keystone RV Co.*, No. 22-05549, 2023 WL 5674418, at *2 (W.D. La. Aug. 17, 2023) (citing *Atl. Marine Constr., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S 49, 55 (2013)) ("Rule 12(b)(3) and § 1406(a) authorize dismissal or transfer only when the venue is improper–not when the venue is proper but another, preferable venue exists."), *report and recommendation adopted* 2023 WL 5674043 (W.D. La. Sept. 1, 2023).

In deciding a Rule 12(b)(3) motion to dismiss, "the Court may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by Defendants in support of their motion to dismiss, or by Plaintiff in response to the motion."  *Umphress v. Hall*, 479 F. Supp. 3d 344, 348 (N.D. Tex. Aug. 14, 2020)

(citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008) (Dennis, J., dissenting)).

## II. Discussion

### a. The Motion is Untimely

Pontchartrain's motion was filed on March 15, 2024. Pontchartrain's M/Dismiss [doc. #48]. The deadline to file dispositive motions in this matter was February 8, 2024. Second Scheduling Order [doc. #36]. Pontchartrain did not seek leave of court to file the instant motion or request expedited review of the motion despite trial looming on June 10, 2024. While Pontchartrain contends--and Plaintiffs admit--that Plaintiffs' discovery production was delayed, Plaintiffs show that the document production at issue was made on November 16, 2023. Further, the very document referenced in Plaintiffs' motion was used as an exhibit to the depositions taken on January 16, 2024. Yet, Pontchartrain did not file its motion by the dispositive motion deadline, seek leave to extend the deadline, did not seek leave to file the motion, or even seek expedited review. Because the motion was filed out of time, without leave of Court, it is fatally deficient and should be denied.[1]

---

[1] *See Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 316 (2006) (citing *Heckler v. Ringer*, 446 U.S. 602, 638 n.25 (1984) (Stevens, J. concurring in part)); (The Supreme Court has stated that "[v]enue is largely a matter of litigational convenience," and that "accordingly, it is waived if not timely raised."); *Hunt v. Bankers Trust Co.,* 779 F.2d 1060, 1068 (5th Cir. 1986) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343 (5th Cir. 1986) ("Venue is a privilege personal to a litigant, and, even when venue is laid in a court where it would otherwise be improper, it may be waived by express agreement or by conduct.").

Venue has previously been challenged and thus the subsequent challenge could be considered "timely," as argued by Pontchartrain. However, this motion should have then been filed as a motion for reconsideration under Federal Rule of Civil Procedure 54(d).

b.      *The Venue is Proper*

While the motion may be denied solely on the basis of its untimely filing, the substance of Pontchartrain's argument is also unavailing. There is no dispute that the Project is located within the Western District of Louisiana. On that basis, venue is proper in this court pursuant to the Miller Act. *See* 40 U.S.C. § 3133(b)(3)(B) ("A civil action brought under this subsection must be brought in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy.").

Nonetheless, Pontchartrain asserts that the transaction giving rise to this suit contains a forum-selection clause designating the Eastern District of Louisiana as the proper forum. Memo in Support of Pontchartrain's M/Dismiss [doc. #48-1, p. 5].[2] The movant argues that the venue is thus proper in the Eastern District, and the action must be dismissed. Memo in Support of Pontchartrain's M/Dismiss [doc. #48-1, pp. 5-6]. While the undersigned agrees that venue is proper in the Eastern District of Louisiana, this does not mean that venue is *improper* in this district. In fact, venue appears to be proper in both districts as the Miller Act dictates venue is proper before this Court, and the forum-selection clause makes it proper in the Eastern District. Furthermore, venue is proper in this district as to Plaintiffs' state law claims as a substantial part of the events giving rise to this dispute (i.e., the Project) occurred here. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."). In short, while venue in the Eastern

---

[2] Pontchartrain points to evidence it has obtained via discovery to show that Plaintiffs agree they are bound by the forum-selection clause. *See id.* at pp. 3-5 (describing interrogatory responses and deposition answers indicating the forum-selection clause is binding on the Plaintiffs). When Pontchartrain's co-defendant Western Surety Co. ("Western") filed an initial motion to dismiss for improper venue, it was unable to point to such evidence. *See* Report and Recommendation on Western's M/Dismiss [doc. #24].

District may be preferable (at least to Pontchartrain), it is still proper in the Western District. As discussed *supra*, it is inappropriate to dismiss an action from a proper district on the basis that a merely preferable venue exists, so the motion should be denied.[3]

c.      *The Rule 12 Defense Has Been Waived*

Plaintiffs also argue that Pontchartrain has waived its right to invoke Rule 12(b)(3). Opposition to Pontchartrain's M/Dismiss [doc. #56, pp. 6-7]. A party's Rule 12(b)(3) defense is waived if it is not included in its initial response or responsive pleading. *See* FED. R. CIV. P. 12(h)(1). A party may preserve its right to invoke this defense, but, "at some point, [it may] be held to have waived [it]." *Landry-Belle v. Various, Inc.*, No. 05-1526, 2006 WL 1635687, at *2 (W.D. La. Apr. 24, 2006). There is no bright-line rule for when waiver occurs. *Id.* Here, over the course of two years of litigation, Pontchartrain has filed a counterclaim, completed discovery, and allowed the dispositive motion deadline to pass. Despite Pontchartrain's stringent contentions to the contrary, the undersigned finds that it has now waived its right to invoke Rule 12(b)(3) at this stage of the litigation.

Accordingly, it is RECOMMENDED that the motion be denied.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's motion to dismiss [doc. #48] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

---

[3] Assuming Pontchartrain's arguments were timely and not waived, it could have moved for transfer under 28 U.S.C. § 1404(a), but Pontchartrain made no such motion, and the undersigned has been presented with no arguments as to the § 1404(a) factors.

**fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 7th day of May, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE